UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-141 |
| | ) | |
| DUSTIN WALLACE | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 455]. Through counsel, the defendant asks this court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded in opposition to the motion [doc. 462]. Simultaneously, however, the government defers to the court's discretion whether and to what extent to grant a reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**I.    Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated February 2, 2011, this court sentenced the defendant to a term of imprisonment of 131 months as to Count One (conspiracy to distribute and possess with the intent to distribute oxycodone) and Count Five (conspiracy to commit money laundering), with the terms to run concurrently for a net sentence of 131 months. The defendant's guideline range was 262 to 327 months (total offense level 39, criminal history category I). Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 which the court granted in imposing the 131-month sentence, a reduction of 50 percent from the bottom of the guideline range.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

According to the Bureau of Prisons, the defendant is presently scheduled for release on August 8, 2019.

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range is 210 to 262 months, based on a total offense level of 37 and a criminal history category of I. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii), (iii).

The court specifically notes the United States' arguments "encourag[ing] this Court to decline to grant any reduction and to find that defendant's existing 131-month sentence remains sufficient, but not greater than necessary, to satisfy the § 3553(a) factors." [Doc. 462, p.4]. The United States first points out that the defendant "has been sanctioned for several disciplinary infractions while incarcerated," most particularly for fighting in October 2013. The defendant also twice possessed a non-hazardous tool. The Bureau of Prisons has disciplined the defendant for those infractions, and the court is satisfied with the sanctions imposed. Additionally, the court observes that the defendant is currently housed at a low-security Bureau of Prisons facility. That fact indicates that

4

the defendant's post-sentencing conduct has not been as bad as the government suggests. The court lastly recognizes the United States' apparent ongoing displeasure with the extent of the substantial assistance reduction awarded by this court at the original sentencing hearing. The time for complaining about that decision has long passed.

For these reasons, and having considered the relevant 3553(a) and 1B1.10 factors, the court finds that the defendant should be granted a sentence reduction.

## IV. Conclusion

For the reasons stated herein, the defendant's motion [doc. 455] is **GRANTED**. The defendant's term of imprisonment is reduced to **105 months** as to Counts One and Five, with the terms to run concurrently for a net sentence of 105 months. This sentence is a corresponding 50 percent substantial assistance reduction from the bottom of the defendant's new guideline range. If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment dated February 2, 2011, shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

      **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge